1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNETH DANIEL TIEDEMANN,

Defendant.

Case No. 14-cr-2316-MMA

**INTERIM ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION**

[Doc. No. 71]

On July 12, 2021, Defendant Kenneth Daniel Tiedemann, a federal prisoner proceeding *pro se*, filed a motion for the return of certain previously seized property. *See* Doc. No. 71. The government filed an opposition, to which Defendant replied. *See* Doc. Nos. 75, 81. For the foregoing reasons, the Court **DIRECTS** the government to file a supplemental brief in opposition.

## BACKGROUND

For the purpose of this interim order, the Court provides the following limited summary. While Defendant was serving a five (5) year term of supervised release, a Federal Bureau of Investigation ("FBI") Special Agent, along with United States Probation Officers, conducted a search of Defendant's residence pursuant to the terms of his supervised release. *See* Doc. No. 75 at 2; *see also* Case No. 10cr4657-W, Doc. No.

32 at 2.  During the search, probation officers seized several computers as well as Defendant's cellular phone.  *See* Doc. No. 26 at ¶ 7.

Defendant was thereafter indicted on four counts of receiving images of minors engaged in sexually explicit conduct, 18 U.S.C. § 2252(a)(2), and two counts of possession of matters containing images of minors engaged in sexually explicit conduct, 18 U.S.C. § 2252(a)(4)(B).  *See* Doc. No. 1.  On January 9, 2015, Defendant was found guilty on all six counts following a stipulated bench trial.  *See* Doc. No. 22.  Defendant was sentenced to 120 months in prison followed by 15 years of supervised release.  *See* Doc. No. 62.  He is presently housed at FCI Herlong in Herlong, California.[1]

While serving his custodial sentence, Defendant received a letter dated August 8, 2019 (the "Letter"), from the FBI regarding the seized property.  *See* Doc. No. 71 at 4–5. The Letter identifies the following property as in the FBI's custody: (1) one black Dell computer; (2) one black HP Probook laptop; (3) one grey Dell Latitude laptop; (4) one black Sandisk thumb drive; and (5) one red LG cell phone.  *See id.*  The Letter further informed Defendant that he had thirty days to file a claim for return of the property.  *See id.*

Defendant explains that he responded to the Letter as instructed, making a claim for the return of all five items, on August 14, 2019.  *See id.* at 8.  He further asserts that he followed up on the claim on January 28, 2020, but has not received a response to date. *See id.* at 1, 10.  As a result, Defendant brings this motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g).

## DISCUSSION

As an initial matter, the government does not oppose Defendant's request to have the thumb drive and cellular phone returned.  *See* Doc. No. 75 at 5.  Accordingly, the Court is inclined to grant Defendant's motion in that respect.  However, the Court is

---

[1] *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 10/18/2021).

unable to address the merits of the motion as to the remaining three devices: the black Dell computer, the black HP Probook laptop, and the grey Dell Latitude laptop.

Pursuant to Rule 41(g), if a criminal proceeding is no longer pending, a motion for return of property is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (citing *United States v. Ritchie*, 342 F.3d 903, 906–07 (9th Cir. 2003)).  "[A] court should first convert a government's opposition into a motion for summary judgment if it cannot decide the matter on the pleadings." *Id.* at 1008 (citing *Ritchie*, 342 F.3d at 906–07). "Then, pursuant to the Federal Rules of Civil Procedure, the court should determine whether the government has demonstrated that there is no 'genuine issue as to any material fact,' and that it is 'entitled to judgment as a matter of law.'" *Id.* at 1007 (quoting Fed. R. Civ. P. 56(c)).  If the summary judgment standard is not met, the Court should go forward with additional proceedings consistent with the Federal Rules of Civil Procedure. *See id.*  Rule 41(g) requires the district court to "receive evidence on any factual issue necessary to decide the motion," but it does not specifically require an in-person hearing. *See United States v. Cantu*, 667 F. App'x 611, 612 (9th Cir. 2016).

While the Court treats Defendant's motion as a civil complaint, the matter cannot be decided on the present pleadings and the Court is unable to convert the government's opposition into a motion for summary judgment.  As this motion is post-conviction, Defendant is entitled to the presumption that he has a right to the property's return and the burden is on the government to demonstrate that it has a legitimate reason to retain the property. *See United States v. Gladding*, 775 F.3d 1149, 1152–53 (9th Cir. 2014) (citing *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)).  While there appears to be the specter of a "legitimate reason" to retain the property, the government has not legally or factually supported their position by Rule 56 standards.  For example, the government provides no legal authority for the argument that despite the burden shifting framework, Defendant still maintains the initial burden of establishing "he in fact has a claim to all of the property he is requesting to be returned."  Doc. No. 75 at 5.

Moreover, the government does not address the apparently undisputed fact that the devices were seized during a search of Defendant's residence and thus were in his possession.  *See* Doc. Nos. 75 at 2; 81 at 3.  Further, while the government asserts that all three remaining devices "may contain depictions of child erotica and child pornography," Doc. No. 75 at 5, this position is not currently supported by any admissible evidence in accordance with Federal Rule of Civil Procedure 56.

<u>CONCLUSION</u>

Accordingly, the Court is inclined to grant Defendant's motion in part, as to the thumb drive and cellular phone.  Unable to address the remaining requests, the Court **DIRECTS** the government to file a supplemental opposition on or before **<u>November 18, 2021</u>**.  The government should address whether it has "wiped" the computers and will thereafter return the property, *see* Doc. No. 75 at 6, thus mooting the remainder of Defendant's request, or if it intends to proceed to summary judgment on the matter.  Should the government choose the latter, it should file a brief supported by appropriate evidence to that effect and the Court will thereafter issue an order setting a briefing schedule.

**IT IS SO ORDERED**.

Dated:  October 21, 2021

HON. MICHAEL M. ANELLO
United States District Judge