UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>KENNETH DANIEL TIEDEMANN,<br><br>                            Defendant. | Case No. 14-cr-2316-MMA<br><br>**ORDER ON DEFENDANT'S MOTION FOR ORDER TO RETURN PROPERTY**<br><br>[Doc. No. 71] |

On July 12, 2021, Defendant Kenneth Daniel Tiedemann, a federal prisoner proceeding *pro se*, filed a motion for the return of certain previously seized property. Doc. No. 71.  The government filed an opposition, to which Defendant replied.  Doc. Nos. 75, 81.  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

I. B<span>ACKGROUND</span>

A.   **Search and Seizure**

On May 25, 2011, Defendant was sentenced to 41 months in custody and five years of supervised release after pleading guilty to importation of a controlled substance. *See* Case No. 10cr4657-W, Doc. No. 24.  His terms of supervision included a special condition to "[s]ubmit to a search of your person, property, place of residence, vehicle

and personal effects whenever requested to do so at a reasonable manner by a probation officer or law enforcement officer." *Id.* at Doc. No. 25 at 4.

In April 2014, Defendant notified his probation officer of rumors circulating that he was involved in a sexual relationship with a 14-year-old female, A.J. *See* Doc. No. 75 at 2. Defendant's probation officer instructed him to cease contact with the minor female. *See id.* The probation officer subsequently learned from Defendant's Facebook page that Defendant did not comply with this instruction. *See id.* On April 30, 2014, a Federal Bureau of Investigation Special Agent, accompanied by United States Probation Officers, conducted a search of Defendant's residence pursuant to the terms of Defendant's supervised release. *See id.*; *see also* Case No. 10cr4657-W, Doc. No. 32 at 2. The search revealed near daily communication with A.J., and Defendant admitted to receiving images of children involved in sexually explicit conduct. *See* Doc. No. 75 at 2. During the search, probation officers seized several computers as well as Defendant's cellular phone. *See* Doc. No. 26 at ¶ 7. The items were subsequently turned over to the FBI for forensic analysis where they remain to date. *See id.* A forensic analysis revealed that the computers and cell phone contained over 300 pictures and over 30 videos of child pornography. *See id.* at ¶ 9. The government was unable to view the contents of at least one laptop due to it being fully encrypted. *See id.* at ¶ 15. Defendant refused to produce the password despite being ordered to do so by the Court. *See id.* On April 30, 2014, the Court issued a bench warrant for Defendant, and he was arrested for violating the terms of his supervised release. *See* Case No. 10cr4657-W, Doc. No. 29.

Based upon the evidence uncovered during the April 30, 2014 search, Defendant was indicted on four counts of receiving images of minors engaged in sexually explicit conduct, 18 U.S.C. § 2252(a)(2), and two counts of possession of matters containing images of minors engaged in sexually explicit conduct, 18 U.S.C. § 2252(a)(4)(B). *See* Doc. No. 1. On January 9, 2015, Defendant was found guilty on all six counts following a stipulated bench trial. *See* Doc. No. 22. Defendant was sentenced to 120 months followed by 15 years of supervised release. *See* Doc. No. 62.

B.     **Correspondence and Claim for Return of Property**

While incarcerated, Defendant received a letter dated August 8, 2019 (the "Letter"), from the FBI regarding the seized property. *See* Doc. No. 71 at 4–5. The Letter identifies the following property as in the FBI's custody: (1) one black Dell computer; (2) one black HP Probook laptop; (3) one grey Dell Latitude laptop; (4) one black Sandisk thumb drive; and (5) one red LG cell phone. *See id.* The Letter informs Defendant that he had thirty days to file a claim for return of the property. *See id.*

Defendant explains that he responded to the Letter as instructed, making a claim for the return of all five items, on August 14, 2019. *See id.* at 8. He further asserts that he followed up on the claim on January 28, 2020, but has not received a response to date. *See id.* at 1, 10. As a result, Defendant brings this motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The burden of proof on a Rule 41(g) motion depends on when the defendant files the motion. *United States v. Gladding*, 775 F.3d 1149, 1152–53 (9th Cir. 2014). "When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). But that burden of proof changes when "the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation." *Id*. Then, the burden of proof then shifts and the defendant "is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Id.*; *see also United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013) (explaining that a "defendant's Rule 41(g) motion should presumptively be granted if the

government no longer needs the property for evidence" (internal quotation marks and citation omitted)); *Gladding*, 775 F.3d at 1152–53 ("The government can rebut the presumption that property ought to be returned by proving a 'legitimate reason' for retaining the property that is 'reasonable [] under all of the circumstances.'" (quoting *Kriesel*, 720 F.3d at 1145)); *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005) ("[T]he government has the burden of showing that it has a legitimate reason to retain the property." (quotation marks omitted)); *Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir. 1993) (explaining that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." (internal quotation marks and citation omitted)).

Pursuant to Rule 41(g), if a criminal proceeding is no longer pending, a motion for return of property is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (citing *United States v. Ritchie*, 342 F.3d 903, 906–07 (9th Cir. 2003)). "[A] court should first convert a government's opposition into a motion for summary judgment if it cannot decide the matter on the pleadings." *Id.* at 1008 (citing *Ritchie*, 342 F.3d at 906–07). "Then, pursuant to the Federal Rules of Civil Procedure, the court should determine whether the government has demonstrated that there is no 'genuine issue as to any material fact,' and that it is 'entitled to judgment as a matter of law.'" *Id.* at 1007 (quoting Fed. R. Civ. P. 56(c)). If the summary judgment standard is not met, the Court should go forward with additional proceedings consistent with the Federal Rules of Civil Procedure. *See id.*

### III. DISCUSSION

Defendant's criminal case is no longer pending. *See* Doc. No. 65. Therefore, the Court construes Defendant's motion as a civil complaint, and similarly construes the

government's opposition as a motion for summary judgment.[1]  According to the Motion, Defendant is entitled to have the thumb drive and cellular phone returned.  Doc. No. 75 at 5 ("[T]he Unites States does not oppose Defendant's request to have the thumb drive and cellular phone returned.").  As there is no genuine issue of material fact relating to these two items, and Defendant is entitled to their return as a matter of law, the Court **GRANTS** summary judgment in Defendant's favor as to these two devices.

Turning to the three remaining devices: the black Dell computer, the black HP Probook laptop, and the grey Dell Latitude laptop.  As the Court previously explained, it was unable to address the merits of the Motion as to these devices.  Doc. No. 82 at 3.  In its Interim Order, the Court specifically noted the government's burden and summary judgment standard, and explained that the government failed to legally or factually support the Motion, namely, the proffered legitimate reasons to retain the property, by Rule 56 standards, or provide any admissible evidence in accordance with Federal Rule of Civil Procedure 56.  On that basis, the Court directed the government to provide a supplemental brief.[2]

The government seeks summary judgment on the basis that it has legitimate reasons to retain the property.  First, the government states that it is unclear "who owns what computer."  Doc. No. 83 at 4.  It appears the government is arguing that it has a legitimate reason to retain the computers because another person has a cognizable claim of ownership or right to possession.  *See United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005) ("A cognizable claim of ownership or right to possession adverse to that of the defendant constitutes a legitimate reason.") (internal citation and quotation marks omitted).  It is undisputed that the devices were in Defendant's possession when they

---

[1] Accordingly, the Court hereinafter refers to Defendant's motion, Doc. No. 71, as the "Complaint," and the government's opposition, Doc. No. 75, as the "Motion."

[2] Although the government filed a supplemental brief, *see* Doc. No. 8, it fails to cure the above noted deficiencies.  Despite being directed to do so, the government offers neither admissible evidence nor legal support for its position that Defendant is not entitled to the return of the three remaining devices.  It is apparent that the government underestimates the legitimacy of Defendant's request.

were seized. Doc. No. 81 at 3; Doc. No. 83 at 4. However, on this record, there is a genuine issue of fact as to whether other persons have cognizable claims of ownership of the devices. *See, e.g.*, Doc. No. 81 at 4 ("Tiedeman is not sure what's on all the devices or who they all belong to."). This appears to be the case for at least two of the computers. *See id.* at 5 ("One of the computers, he's not sure which one now, belonged to his Great Aunt from Escondido."); Doc. No. 83 at 4 ("[T]he HP laptop belonged to the minor victim.").

However, this dispute may be immaterial. The government argues that "assuming arguendo that Defendant is the owner of the three computers" the government has a legitimate reason to retain the devices as they "may contain depictions of child erotica and child pornography." Doc. No. 75 at 5; *see also* Doc. No. 83 at 2. However, as the Court previously explained, the government fails to support this position with any admissible evidence in accordance with Federal Rule of Civil Procedure 56. Doc. No. 82 at 4. Therefore, summary judgment is not appropriate at this time.

In sum, while it appears that this matter may be appropriate for summary judgment, the Court is unable to conduct the appropriate Rule 56 analysis on the remaining issues absent proper briefing and evidence. Accordingly, the Court **DENIES** the government's request for summary judgment as to the black Dell computer, the black HP Probook laptop, and the grey Dell Latitude laptop.

***

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the government's motion for summary judgment without prejudice. Instead, the Court **GRANTS** summary judgment in Defendant's favor as to the cellular phone and thumb drive and **ORDERS** the government to return these devices to Defendant.[3]

The government must file a further motion for summary judgment in accordance with Federal Rule of Civil Procedure 56, if any, on or before **January 3, 2022**. Defendant must then file his opposition on or before **January 31, 2022**. If the government does not file a motion for summary judgment, the Court will issue a scheduling order setting an evidentiary hearing on the matter.

**IT IS SO ORDERED**.

Dated: November 29, 2021

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] Thus, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for return of property. The Court **GRANTS** Defendant's request as it pertains to the cell phone and thumb drive and **DENIES** the remainder of his motion.