**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,

v.

KENNETH DANIEL TIEDEMANN,
Defendant.

Case No. 14-cr-2316-MMA-1

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

[Doc. No. 87]

The government moves for summary judgment as to Defendant Kenneth Daniel Tiedemann's request for return of previously seized property. Defendant did not file a response in opposition to the motion. For the reasons set forth below, the Court **GRANTS** the government's motion.

## I. BACKGROUND[1]

The Court incorporates by reference here its prior orders on this matter, *see* Doc. Nos. 82, 86, and provides the following factual and procedural summary.

[1] These material facts are taken from the government's separate statement of undisputed facts, as well as the supporting declarations and exhibits attached to the motion and incorporated by reference therein. Facts that are immaterial or not genuinely disputed for purposes of resolving the current motions are not included in this recitation. To the extent any such facts are nevertheless relevant to the Court's analysis, they are discussed as appropriate, *infra*.

**A. Search and Seizure**

On May 25, 2011, Defendant was sentenced to 41 months in custody and five years of supervised release after pleading guilty to importation of a controlled substance. Doc. No. 87-1 ("SS") No. 1; *see also* Case No. 10cr4657-W, Doc. No. 24. His terms of supervision included a special condition to "[s]ubmit to a search of your person, property, place of residence, vehicle and personal effects whenever requested to do so at a reasonable manner by a probation officer or law enforcement officer." SS No. 2.

In April 2014, Defendant notified his probation officer of rumors circulating that he was involved in a sexual relationship with a 14-year-old female, A.J. *See* Doc. No. 15-4 ("Tignor Decl.") ¶ 3. Defendant's probation officer instructed him to cease contact with the minor female. Tignor Decl. ¶ 4. The probation officer subsequently learned from Defendant's Facebook page that Defendant did not comply with this instruction. *See id.* On April 30, 2014, a Federal Bureau of Investigation ("FBI") Special Agent, accompanied by United States Probation Officers, conducted a search of Defendant's residence pursuant to the terms of Defendant's supervised release. SS No. 3; *see also* Case No. 10cr4657-W, Doc. No. 32 at 2.

During the search, probation officers seized multiple electronic devices, including a black Dell computer ("Black Dell Computer"), black HP Probook laptop ("Black HP Laptop"), and grey Dell Latitude laptop ("Grey Dell Laptop"). SS No. 3. The FBI conducted a forensic analysis of these devices. SS Nos. 4, 6; Doc. No. 87-2 at Exhibit F ("Evans Decl.") ¶¶ 17–22.

The FBI's examination of the Black Dell Computer revealed "several images of two young girls. The children were clothed but in some instances they were posed erotically - what is known as child erotica." Evans Decl. ¶ 20; SS No. 7. On the Black HP Laptop, the FBI "located several pictures of the minor female, A.J., that Defendant is believed to have had a relationship/sexual interest." Evans Decl. ¶ 21; SS No. 6. Moreover, the Black HP Laptop contained encryption software. Evans Decl. ¶ 17; SS No. 9. As to the Grey Dell Laptop, the FBI found more child erotica as well as potential

"passcodes for encrypted files/folders." Evans Decl. ¶ 22; SS No. 8. According to the FBI, all devices may be concealing further data using encryption software. Evans Decl. ¶ 23.

On April 30, 2014, the Court issued a bench warrant for Defendant, and he was subsequently arrested for violating the terms of his supervised release. *See* Case No. 10cr4657-W, Doc. No. 29. Based upon the evidence uncovered during the April 30, 2014 search, Defendant was indicted on four counts of receiving images of minors engaged in sexually explicit conduct, 18 U.S.C. § 2252(a)(2), and two counts of possession of matters containing images of minors engaged in sexually explicit conduct, 18 U.S.C. § 2252(a)(4)(B). *See* Doc. No. 1. On January 9, 2015, Defendant was found guilty on all six counts following a stipulated bench trial. *See* Doc. No. 22. The Court sentenced Defendant to 120 months in custody followed by 15 years of supervised release. *See* Doc. No. 62.

**B. Correspondence and Claim for Return of Property**[2]

While incarcerated, Defendant received a letter dated August 8, 2019 (the "Letter"), from the FBI regarding the seized property. *See* Doc. No. 71 at 4–5. The Letter identified the Black Dell Computer, Black HP Laptop and Grey Dell Laptop as well as a black Sandisk thumb drive and red LG cell phone. *See id.* The Letter informs Defendant that he had thirty days to file a claim for return of the property. *See id.*

Defendant responded to the Letter as instructed, making a claim for the return of all five items, on August 14, 2019. *See id.* at 8. He further asserts that he followed up on the claim on January 28, 2020, but did not receive a response. *See id.* at 1, 10.

**C. Defendant's Motion for Return of Property**

On July 12, 2021, Defendant filed a motion for the return of the seized property pursuant to Federal Rule of Criminal Procedure 41(g). *See* Doc. No. 71. The Court

[2] The remaining portion of Part I relies on prior filings related to this matter for sole the purpose of context. The Court does not rely on these facts in its summary judgment analysis.

ultimately construed the government's opposition as one for summary judgment and granted in part and denied in part summary judgment. *See* Doc. No. 86. Specifically, the Court granted summary judgment in Defendant's favor as to the cell phone and thumb drive and ordered the government to return those devices to Defendant. The Court denied the remainder of the government's motion as to the three remaining devices: (1) Black Dell Computer; (2) Black HP Laptop; and (3) Grey Dell Laptop. The Court directed the government to file a further motion for summary judgment in accordance with Federal Rule of Civil Procedure 56 by a date certain or the Court would hold an evidentiary hearing on the matter. The government timely filed this motion for summary judgment.

## II. LEGAL STANDARD

"When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). But that burden of proof changes when "the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation." *Id*. Then, the burden of proof then shifts and the defendant "is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Id.*; *see also United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013) (explaining that a "defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence" (internal quotation marks and citation omitted));

Pursuant to Rule 41(g), if a criminal proceeding is no longer pending, a motion for return of property is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (citing *United States v. Ritchie*, 342 F.3d 903, 906–07 (9th Cir. 2003)). "[A] court should first

convert a government's opposition into a motion for summary judgment if it cannot decide the matter on the pleadings." *Id.* at 1008 (citing *Ritchie*, 342 F.3d at 906–07). "Then, pursuant to the Federal Rules of Civil Procedure, the court should determine whether the government has demonstrated that there is no 'genuine issue as to any material fact,' and that it is 'entitled to judgment as a matter of law.'" *Id.* at 1007 (quoting Fed. R. Civ. P. 56(c)). If the summary judgment standard is not met, the Court should go forward with additional proceedings consistent with the Federal Rules of Civil Procedure. *See id*

"The government can rebut the presumption that property ought to be returned by proving a 'legitimate reason' for retaining the property that is 'reasonable [] under all of the circumstances.'" *Gladding*, 775 F.3d at 1152–53 (quoting *Kriesel*, 720 F.3d at 1145); *see also United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005) ("[T]he government has the burden of showing that it has a legitimate reason to retain the property." (quotation marks omitted)); *Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir. 1993) (explaining that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." (internal quotation marks and citation omitted)).

## III. Discussion

Defendant seeks the return of the (1) Black Dell Computer; (2) Black HP Laptop; and (3) Grey Dell Laptop. As this motion is post-conviction, Defendant is entitled to the presumption that he has a right to the property's return and the burden is on the government to demonstrate that it has a legitimate reason to retain the property. *See United States v. Gladding*, 775 F.3d 1149, 1152–53 (9th Cir. 2014) (citing *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)).

The government first argues that Defendant does not have Article III standing to request the property's return. Doc. No. 87 at 10–12. The Ninth Circuit has explained the Article III analysis in the civil forfeiture context:

In order to meet the case-or-controversy requirement of Article III, a plaintiff (including a civil forfeiture claimant) must establish the three elements of standing, namely, that the plaintiff suffered an injury in fact, that there is a causal connection between the injury and the conduct complained of, and that it is likely the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *see also United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004). Claimants in civil forfeiture actions can satisfy this test by showing that they have "a colorable interest in the property," *5208 Los Franciscos Way*, 385 F.3d at 1191, which includes an ownership interest or a possessory interest, *United States v. $191,910.00*, 16 F.3d 1051, 1057 (9th Cir. 1994), *superseded by statute on another ground as stated in United States v. $80,180.00*, 303 F.3d 1182, 1184 (9th Cir. 2002). "Article III's standing requirement is thereby satisfied because an owner or possessor of property that has been seized necessarily suffers an injury that can be redressed at least in part by the return of the seized property." *United States v. $515,060.42*, 152 F.3d 491, 497 (6th Cir. 1998).

The elements of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. This rule applies equally in civil forfeiture proceedings. *See United States v. $148,840.00*, 521 F.3d 1268, 1273 (10th Cir. 2008) (contrasting the requirements to establish standing at the motion to dismiss and summary judgment stages of civil forfeiture proceedings).

. . .

Applying these principles, we conclude that, in a civil forfeiture action, a claimant's bare assertion of an ownership or possessory interest, in the absence of some other evidence, is not enough to survive a motion for summary judgment. As we have explained, "a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact," *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *cf. United States v. Bright*, 596 F.3d 683, 695 (9th Cir. 2010); *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) (stating that summary judgment is inappropriate where the plaintiff set forth facts directly relevant to claim with "great specificity"). A claimant asserting an ownership interest in the defendant property, therefore, must also present "some evidence of ownership" beyond the mere assertion in order to survive a motion for summary judgment. *United States v. $81,000.00*, 189

> F.3d 28, 35 (1st Cir. 1999); *see also United States v. $38,570*, 950 F.2d 1108, 1112-13 (5th Cir. 1992). The fact that property was seized from the claimant's possession, for example, may be sufficient evidence, when coupled with a claim of ownership, to establish standing at the summary judgment stage. *See $148,840.00*, 521 F.3d at 1277 ("[B]ecause [claimant's] assertion of ownership is assumed to be true on this record, and because the currency was indisputably seized from a vehicle that [claimant] was driving, we hold that [claimant] has established constitutional standing at this stage of the litigation.").
>
> Similarly, a claimant asserting a possessory interest must provide some "evidence supporting his assertion that he has a lawful possessory interest in the money seized" to survive a summary judgment motion. *United States v. $321,470.00*, 874 F.2d 298, 303 (5th Cir. 1989). "Unexplained naked possession of a cash hoard . . . does not rise to the level of the possessory interest requisite for standing to attack the forfeiture proceeding" at the summary judgment stage. *$42,500.00*, 283 F.3d at 983 (quoting *$321,470.00*, 874 F.2d at 304).

*United States v. $133,420.00 in United States Currency*, 672 F.3d 629, 637–39 (9th Cir. 2012).

Before turning to the issue of whether Defendant's alleged injury is actual or imminent, the Court must consider whether he has alleged he suffered an injury at all—whether he has evidenced that he is "an owner or possessor of property that has been seized." *Id.* at 638. Elsewhere, Defendant has asserted that he either owns the property or has a possessory interest in it by virtue of it being in his residence at the time it was seized. *See, e.g.*, Doc. No. 81 at 3. However, because the issue is now at summary judgment, Defendant must put forth summary judgment type evidence either establishing or at the very least creating a genuine issue of material fact as to his interest in the property. Defendant has not responded to the motion and therefore fails to do either. Even if the Court looks outside of the summary judgment record, none of Defendant's prior filings related to this matter were submitted under penalty of perjury, *see* Doc. Nos. 71, 81, and thus are not appropriate for consideration as evidence at summary

judgment. Fed. R. Civ. P. 56(c)(1); *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). Accordingly, the Court **GRANTS** the government's motion on this basis.

Moreover, assuming Defendant has standing to claim the return of the property, the government has met its burden of showing a legitimate, reasonable basis to retain the property. As discussed above, the FBI has uncovered unlawful data on the devices and believes that further encrypted data may exist, which will take time to uncover. *See* Tignor Decl. ¶¶ 20–24. Defendant does not argue otherwise. Therefore, the Court finds that these reasons are legitimate and reasonable under all of the circumstances and that summary judgment is appropriate on this basis as well.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion for summary judgment as to the return of the (1) Black Dell Computer; (2) Black HP Laptop; and (3) Grey Dell Laptop and **DENIES** Defendant's request for return of that property.

**IT IS SO ORDERED**.

Dated: March 8, 2022

HON. MICHAEL M. ANELLO
United States District Judge