**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>KENNETH DANIEL TIEDEMANN,<br><br>                        Defendant. | Case No. 14-cr-2316-MMA-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION; AND**<br><br>[Doc. No. 92]<br><br>**VACATING THE COURT'S MARCH 8, 2022 SUMMARY JUDGMENT ORDER** |

      Defendant Kenneth Daniel Tiedemann seeks reconsideration of the Court's order, *see* Doc. No. 88, on the government's motion for summary judgment, *see* Doc. No. 87. For the following reasons, the Court **GRANTS** Defendant's motion and **VACATES** its March 8, 2022 summary judgment order.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60[1] provides for "relief from judgment or order" if a motion is filed within a "reasonable time," but usually "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(c). Under Rule 60(b), reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. Fed. R. Civ. P. 60(b).

**DISCUSSION**

In July 2021, Defendant was incarcerated at FCI Herlong. While incarcerated, Defendant received a letter dated August 8, 2019 (the "Letter"), from the FBI regarding seized property. *See* Doc. No. 71 at 4–5. The Letter identified the following pieces of property that were seized from Defendant and in the FBI's possession: (1) Black Dell Computer; (2) Black HP Laptop; (3) Grey Dell Laptop; (4) black Sandisk thumb drive; and (5) red LG cell phone. *See id.* The Letter informed Defendant that he had thirty days to file a claim for return of the property. *See id.* According to Defendant, he responded to the Letter as instructed, making a claim for the return of all five items, on August 14, 2019. *See id.* at 8. He further asserts that he followed up on the claim on January 28, 2020, but did not receive a response. *See id.* at 1, 10.

On July 12, 2021, Defendant filed a motion for the return of the seized property pursuant to Federal Rule of Criminal Procedure 41(g). Doc. No. 71. At the Court's direction, *see* Doc. No. 72, the government opposed Defendant's motion. Doc. No. 75. Defendant then filed a motion for temporary stay, informing the Court that he was moving prisons. Doc. No. 78. The Court denied the request to stay the matter and instead sua sponte granted Defendant an extension of time to file a reply. Doc. No. 79.

---

[1] As will be explained below, Defendant's post-judgment request for return of property must be evaluated under the Federal Rules of Civil Procedure.

In his motion for temporary stay, Defendant informed the Court that he never received the government's opposition. Doc. No. 78. Accordingly, the Court sent Defendant a copy of the government's filing. In its order, the Court specifically noted that "[t]he Court was obliged to do so as the Government does not appear to have served Defendant with a copy of its response brief at Defendant's current address of record." Doc. No. 79 at 2 n. 2. Defendant thereafter filed a reply. Doc. No. 81.

On October 21, 2021, the Court issued an interim order on the matter. Doc. No. 82. As the Court explained,

> Pursuant to Rule 41(g), if a criminal proceeding is no longer pending, a motion for return of property is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (citing *United States v. Ritchie*, 342 F.3d 903, 906–07 (9th Cir. 2003)). "[A] court should first convert a government's opposition into a motion for summary judgment if it cannot decide the matter on the pleadings." *Id.* at 1008 (citing *Ritchie*, 342 F.3d at 906–07). "Then, pursuant to the Federal Rules of Civil Procedure, the court should determine whether the government has demonstrated that there is no 'genuine issue as to any material fact,' and that it is 'entitled to judgment as a matter of law.'" *Id.* at 1007 (quoting Fed. R. Civ. P. 56(c)). If the summary judgment standard is not met, the Court should go forward with additional proceedings consistent with the Federal Rules of Civil Procedure. *See id.* Rule 41(g) requires the district court to "receive evidence on any factual issue necessary to decide the motion," but it does not specifically require an in-person hearing. *See United States v. Cantu*, 667 F. App'x 611, 612 (9th Cir. 2016).

Doc. No. 82 at 3. The Court went on to state that it was unable to duly convert the government's opposition into a motion for summary judgment because "the government has not legally or factually supported their position by Rule 56 standards." *Id.* Consequently, the Court directed the government to file a supplemental opposition "supported by appropriate evidence," by November 18, 2021. *Id.* at 4. According to Defendant, this is the last filing on the matter that he received. *See* Doc. No. 90.

Two days late, the government filed its supplemental opposition, Doc. No. 83, accompanied by a request to shorten time, Doc. No. 84. The supplemental opposition

was still insufficient by Rule 56 standards: it is five pages in total and not accompanied by any admissible evidence. *See generally id.* Accordingly, the Court directed the government to file a renewed motion for summary judgment.[2] Doc. No. 86.

On January 4, 2022, the government filed a renewed motion for summary judgment. Doc. No. 87. Defendant did not oppose the motion. On March 8, 2022, the Court granted the government's motion and entered summary judgment in the government's favor as to Defendant's request for the return of the Black Dell Computer, Black HP Laptop, and Grey Dell Laptop. Doc. No. 88.

\* \* \*

On April 29, 2022, Defendant notified the Court of his new permanent address at FCI Lompoc. Doc. No. 90. According to his filing, Defendant had been in transit for the previous six months and had not received any filings on the matter since the Court's interim order directing supplemental briefing from the government. *Id.* Defendant asked the Court for 14 days to respond to that filing. *Id.*

In response, the Court mailed Defendant copies of its orders, Doc. Nos. 86, 88, and directed the government to send Defendant a copy of its renewed motion for summary judgment. Doc. No. 91. The Court also informed Defendant that all briefing on the matter had closed and instead directed Defendant to file a motion for reconsideration if he wished to seek relief from the Court's summary judgment order. *Id.* In response, Defendant filed the instant motion for reconsideration. Doc. No. 92.

---

[2] In its supplemental opposition, the government conceded that Defendant was entitled to the return of the thumb drive and cell phone and therefore, the Court granted summary judgment as to those items in Defendant's favor. *See* Doc. No. 86.

Defendant asserts that he is entitled to relief because the government has committed fraud on the Court, or something close to that. Doc. No. 92 at 3. According to Defendant:

> At no point in time over the last 6-plus month has Tiedemann not been in BOP custody. It is well-known, or should be well-known, by everyone in the DOJ how to find an inmate. They keep close track of us. However, also at no point in time, has the government served any filings on Tiedemann during these entire proceedings.

Doc. No. 92 at 1.

Defendant's motion raises a serious question about whether the government has complied with Federal Rule of Civil Procedure 5 at any point during the adjudication of this matter. Upon reviewing the government's initial opposition, Doc. No. 75, supplemental opposition, Doc. No. 83, and renewed motion for summary judgment, Doc. No. 87, the Court concludes that it did not. According to the record, the government has never served Defendant—at any prison—with any of its filings.

Of paramount concern is that Defendant was not issued a *Rand* warning in connection with the government's motion for summary judgment. *See Rand v. Rowland*, 154 F. 3d 952 (9th Cir. 1998) (en banc).

Therefore, not only did Defendant not receive notice of the government's motion for summary judgment, but he was not given fair notice of the requirements of Federal Rule of Civil Procedure 56. Based upon this, the Court concludes that it simply cannot uphold its ruling on the matter. *See* Fed. R. Civ. P. 60(b)(1), (b)(3), (b)(6). Accordingly, the Court **GRANTS** Defendant's motion for reconsideration and **VACATES** its March 8, 2022 order on the government's motion for summary judgment.[3]

---

[3] The Court's earlier ruling that Defendant is entitled to summary judgment and thus the return of the thumb drive and cell phone, *see* Doc. No. 86, is **unaffected** by this ruling.

The Court **DIRECTS** Defendant to file an opposition to the government's summary judgment motion no later than **forty-five (45) days** from the date of receipt of either this order or the government's motion, **whichever is later**. The government may then file its reply no later than **thirty (30) days** after Defendant opposes. Upon completion of the briefing, the Court will take the matter under submission and issue a written ruling in due course. The Court is simultaneously issuing Defendant a *Rand* warning, which will be sent to Defendant along with a copy of this order.

**IT IS SO ORDERED**.

Dated: May 10, 2022

HON. MICHAEL M. ANELLO
United States District Judge