# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, vs. KENNETH DANIEL TIEDEMANN, Defendant. | Case No. 14-cr-2316-MMA-1<br><br>**ORDER PROVIDING PRO SE PRISONER NOTICE OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO KLINGELE/RAND** |
|---|---|

Defendant Kenneth Daniel Tiedemann, proceeding *pro se*, seeks the return of previously seized property pursuant to Federal Rule of Criminal Procedure 41(g). Doc. No. 71. As this matter is post-judgment, his motion is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (citing *United States v. Ritchie*, 342 F.3d 903, 906–07 (9th Cir. 2003)).

The government has filed a motion for summary judgment. *See* Doc. No. 87. As such, this notice is required to be given to you pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988):

The government has filed a Motion for Summary Judgment seeking to dismiss your case.[1]  A Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  *See* Fed. R. Civ. P. 56.

When a party makes a Motion for Summary Judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your unverified complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the government's declarations and documents and show that there is a genuine issue of material fact for trial.

If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no evidentiary hearing.

**<u>Your Opposition (including any supporting documents) must be filed and served on the government no later than forty-five (45) days from the date of receipt of either this order or the government's motion, whichever is later.</u>**

If you do not wish to oppose the government's motion, you should file and serve a "Notice of Non-Opposition" by that same date to let the Court know that the government's motion is unopposed.  If you do file and serve an Opposition, the government will have the option to file and serve a reply in support of its motion.

---

[1] To clarify, your claims are for the return of property pursuant to Federal Rule of Criminal Procedure 41(g), and the Court refers to your motion as a "complaint," which presents a civil "case," governed by the Federal Rules of Civil Procedure.

The Court will then, in its discretion and unless otherwise ordered, consider the government's summary judgment motion on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1.  *See* Fed. R. Civ. P. 78(b).  Thereafter, the Court will issue a written ruling in due course.

**IT IS SO ORDERED**.

Dated:  May 10, 2022

HON. MICHAEL M. ANELLO
United States District Judge